NO. 07-09-0108-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 27, 2009

_____

In the Interest of D.A.C., A Child

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 12,093; HON. STEVEN EMMERT, PRESIDING

_____

***Anders Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jennifer Carpenter appeals from an order terminating her parental rights to her son, D.A.C. The trial court appointed Carpenter counsel to represent her on appeal. Thereafter, her appointed counsel filed an *Anders*[1] brief and motion to withdraw.[2] In the brief, appellate counsel certified that he diligently reviewed the record and concluded the appeal was meritless. So too did counsel inform his client of his conclusion and of her right to review the record and file a *pro se* response to the brief and motion. This court also

[1]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]The trial court appointed appellate counsel to represent Carpenter via the directives contained in the Texas Family Code. TEX. FAM. CODE ANN. §107.013 (Vernon Supp. 2006) (stating that an indigent parent is entitled to appointed counsel in proceedings to terminate the parent/child relationship).

informed Carpenter in writing of counsel's motion and brief and of her right to respond by October 12, 2009. Carpenter failed to do so.

Appellate counsel discussed nine possible issues for appeal but then explained why they were not viable. We also reviewed the record for arguable grounds warranting reversal as required by *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon conducting that review, we determined that Carpenter 1) had notice of the ground proffered for terminating her parental rights, 2) appeared at the hearing, and 3) through counsel, had the opportunity to defend against the accusation, present evidence and cross-examine witnesses. Furthermore, the evidence presented at trial legally and factually supported the finding that Carpenter had previously had her parental rights terminated with respect to two other children under subsections D and E of §161.001 of the Texas Family Code.[3] The record also contains evidence upon which the trial court could clearly and convincingly find that termination of Carpenter's parental rights was in the best interest of the child.

Having found no arguable merit to the appeal, we affirm the order for termination and grant counsel's motion to withdraw.

Brian Quinn
Chief Justice

---

[3]The Family Code provides a basis for termination if the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." TEX. FAM. CODE ANN. § 161.001 (1)(M) (Vernon Supp. 2009).